**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Aerial Barber,                            ) | |
|                                            ) | |
|             Plaintiff,                     ) | |
|                                            ) | Civil Action No. 6:25-cv-12994-TMC |
|   v.                                       ) | |
|                                            ) | **ORDER** |
| Experian Information Solutions, Inc.,      ) | |
|                                            ) | |
|             Defendant.                     ) | |
|                                            ) | |

Plaintiff Aerial Barber, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq*. (ECF Nos. 1, 10).  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(D.S.C.), the action was automatically referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the district court dismiss this action with prejudice, without leave to amend, and without issuance and service of process.  (ECF No. 17).  The magistrate judge notified Plaintiff of her right to file objections to the Report.  *Id*. at 8.  The Clerk's Office mailed the Report to Plaintiff's last known address, (ECF No. 18), and it has not been returned to the court as undeliverable.  Therefore, she is presumed to have received it.  Still, Plaintiff has failed to file objections to the Report, and the time in which to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to

1

which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS** the magistrate judge's recommendation in the Report. (ECF No. 17).

Accordingly, the court **DISMISSES** this action with prejudice, without leave to amend, and without issuance and service of process.

 **IT IS SO ORDERED.**

s/Timothy M. Cain<br>Chief United States District Judge

Anderson, South Carolina
April 28, 2026

**NOTICE OF RIGHT TO APPEAL**

 The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.